GARIN LAW GROUP
LISA J. ZASTROW, ESQ.
Nevada Bar No. 9727
9900 Covington Cross Drive, Suite 210
Las Vegas, Nevada 89144
Phone: (702) 382-1500
Fax: (702) 382-1512
lzastrow@garinlawgroup.com

*Attorney for Defendants*

GARIN LAW GROUP
9900 Covington Cross Drive, Suite 210, Las Vegas, Nevada 89144
Telephone: (702) 382-1500 Facsimile: (702) 382-1512

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

N.C., a minor, by and through his father, GEORGE CROSSMAN, an individual

Plaintiffs,

vs.

CLARK COUNTY SCHOOL DISTRICT, EAST CAREER AND TECHNICAL ACADEMY; JHONE EBERT, individually and in her capacity as Superintendent of Clark County School District; NATASHA LERUTTE, Individually and her capacity as Principal of East Career and Technical Academy; THOMAS SMITH, individually and in his capacity as Assistant Principal of East Career and Technical Academy; and ROE CORPORATIONS I- V, inclusive, and DOES I through V,

Defendants.

CASE NO. 2:26-cv-01478-APG-NJK

**MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT**

**(FIRST REQUEST)**

Defendants Clark County School District, East Career and Technical Academy, Jhone Ebert, and Natasha Lerutte, by and through their undersigned counsel, respectfully move this Court pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) for an order extending the deadline to answer or otherwise respond to Plaintiff's Complaint from August 10, 2026, through and including August 17, 2026.

Good cause exists for the requested extension. Lead defense counsel recently experienced a medical emergency requiring hospitalization. Additional time is needed to review and evaluate Plaintiff's allegations, confer with Defendants, and prepare the appropriate response to the Complaint. Defendants sought a stipulation from Plaintiff regarding a brief extension of the

deadline to answer or otherwise respond to the Complaint. Plaintiff agreed only to an extension for filing an Answer and would not stipulate to an extension permitting Defendants to otherwise respond to the Complaint. Accordingly, Defendants seek the Court's intervention. The requested extension is modest, constitutes Defendants' first request, and will not prejudice Plaintiff.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PROCEDURAL BACKGROUND

Plaintiff filed the Complaint in this matter on May 15, 2026. Defendants' current deadline to answer or otherwise respond to the Complaint is August 10, 2026. Defendants requested a one-week extension through August 17, 2026 because lead defense counsel recently experienced a medical emergency requiring hospitalization. Plaintiff agreed only to an extension for filing an Answer and would not stipulate to an extension permitting Defendants to otherwise respond to the Complaint. As a result, Defendants bring this Motion seeking leave of Court.

### II. LEGAL STANDARD

Federal Rule of Civil Procedure 6(b)(1)(A) provides that, when an act must be done within a specified time, the Court may, for good cause, extend the time if a request is made before the original time expires.

The determination of good cause is committed to the Court's discretion. Courts routinely grant modest extensions where the request is made in good faith, the extension is brief, and no prejudice will result to the opposing party.

### III. ARGUMENT

#### A. Good Cause Exists

Defendants have demonstrated good cause for a brief extension. Lead defense counsel recently experienced a medical emergency requiring hospitalization. Additional time is needed to review and evaluate Plaintiff's allegations, confer with Defendants, and prepare the appropriate response to the Complaint. Defendants seek only a seven-day extension through August 17, 2026. See Declaration of Lisa J. Zastrow, attached hereto.

/ / /

/ / /

GARIN LAW GROUP
9900 Covington Cross Drive, Suite 210, Las Vegas, Nevada 89144
Telephone: (702) 382-1500 Facsimile: (702) 382-1512

GARIN LAW GROUP
9900 Covington Cross Drive, Suite 210, Las Vegas, Nevada 89144
Telephone: (702) 382-1500 Facsimile: (702) 382-1512

**B. Plaintiff Will Not Be Prejudiced**

Plaintiff will suffer no prejudice from the requested extension. Defendants seek only a seven-day extension through August 17, 2026. The extension sought is brief, this case remains in its early stages, and no scheduling deadlines will be affected by extending Defendants' response deadline by one week.

Moreover, not all Defendants are currently operating under the same response deadline. Defendant Thomas Smith was served at a later date and is not required to respond for several additional weeks. Accordingly, permitting Defendants to respond on August 17, 2026, will not delay the progress of this litigation or prejudice Plaintiff in any meaningful respect.

Defendants have not sought to delay this litigation. In correspondence with Plaintiff's counsel, defense counsel expressly advised that she was prepared to proceed with the Rule 26(f) conference at Plaintiff's convenience despite the requested extension. Defendants remain willing to proceed with the Rule 26(f) conference immediately. This further demonstrates that the requested enlargement is not sought for purposes of delay and will not interfere with the progress of this case. See Declaration of Lisa J. Zastrow, attached hereto.

**C. The Request is Made in Good Faith**

This request is made in good faith and not for purposes of delay. Defendants requested a brief extension of time to respond to the Complaint due to lead defense counsel's medical emergency. Defendants did not request an extension limited solely to filing an Answer. Rather, Defendants sought a brief extension to determine and prepare the appropriate response to the Complaint.

Plaintiff subsequently agreed only to an extension for filing an Answer and would not stipulate to an extension permitting Defendants to otherwise respond to the Complaint. Defendants never agreed to waive any responsive pleading or motion otherwise permitted under the Federal Rules of Civil Procedure. Accordingly, Defendants seek leave of Court.

Defendants never agreed to waive any responsive pleading or motion otherwise permitted under the Federal Rules of Civil Procedure. Accordingly, Defendants seek leave of Court to answer or otherwise respond to the Complaint by August 17, 2026.

GARIN LAW GROUP
9900 Covington Cross Drive, Suite 210, Las Vegas, Nevada 89144
Telephone: (702) 382-1500 Facsimile: (702) 382-1512

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court enter an order extending the deadline for Defendants Clark County School District, East Career and Technical Academy, Jhone Ebert, and Natasha Lerutte to answer or otherwise respond to Plaintiff's Complaint through and including August 17, 2026.

Dated this 10th day of August, 2026.

GARIN LAW GROUP

*/s/ Kaleb D. Anderson* (NV Bar No. 7582) for
LISA J. ZASTROW, ESQ.
Nevada Bar No. 9727
9900 Covington Cross Drive, Suite 210
Las Vegas, Nevada 89144
Phone: (702) 382-1500
Fax: (702) 382-1512
lzastrow@garinlawgroup.com

*Attorney for Defendants*

IT IS SO ORDERED.
Dated: August 11, 2026
.
.

Nancy J. Koppe
United States Magistrate Judge